**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DAVID BRYANT WICKS,

    Plaintiff,

vs.

Case No. 3:17-cv-718-J-34PDB

LENA POWELL, et al.,

    Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action, pro se, on June 21, 2017, by filing a Complaint for Violation of Civil Rights (Doc. 1; Complaint). On June 26, 2017, Plaintiff filed an Amended Complaint for Violation of Plaintiff's Civil Rights and by Violation of Plaintiff's Constitutional Rights by Placing a "Hit" on the Plaintiff's Life to Kill Him (Doc. 3; Amended Complaint). Upon review of the Complaint, Amended Complaint, and attachments, although unclear, it appears that Plaintiff believes he is in imminent danger and requests emergency relief. See Amended Complaint at 10, Ex. 1 at 1. Thus, construing the Amended Complaint broadly, Plaintiff may be requesting the entry of either a temporary restraining order or preliminary injunction. However, to the extent Plaintiff requests such relief, his request is due to be denied as he has failed to comply with the procedural prerequisites for obtaining this relief. If Plaintiff does intend to seek the entry of a temporary restraining order or preliminary injunction in this action, he must file a separate motion which complies with the requirements set forth in Rule 65, Federal Rules of Civil Procedure (Rule(s)), and Local

Rules 4.05 and 4.06, United States District Court, Middle District of Florida (Local Rule(s)), which govern the entry of preliminary injunctions and temporary restraining orders.

As stated above, a request for a temporary restraining order or preliminary injunction must be made by separate motion. <u>See</u> Local Rules 4.05(b)(1), 4.06(b)(1). With respect to a request for a temporary restraining order, Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition; and
>
> (B)  the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Likewise, Local Rule 4.05(b)(2) requires that the motion be accompanied by affidavits or a verified complaint establishing the threat of irreparable injury as well as showing "that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." In addition, Local Rule 4.05(b)(3) requires that the motion describe precisely the conduct sought to be enjoined, set forth facts on which the Court can reasonably determine the amount of security to be posted, be accompanied by a proposed form of the order, and contain a supporting legal memorandum. The legal memorandum in support of the motion must address four specific factors, including the likelihood of success, the threatened irreparable injury, potential harm to the opposing parties, and the public interest. <u>See</u> Local Rule 4.05(b)(4).

To the extent Plaintiff seeks a preliminary injunction, Rule 65(a)(1) states that the Court may issue a preliminary injunction only on notice to the opposing party. Likewise, Local Rule 4.06(a) dictates that notice must be given at least fourteen days in advance of

a hearing on the matter. See Local Rule 4.06(a). Moreover, Local Rule 4.06(b) requires the party applying for a preliminary injunction to comply with the same procedural requirements set forth in Local Rule 4.05(b), discussed above. See Local Rule 4.06(b)(1).

Because Plaintiff has failed to comply with these requirements, to the extent he includes a request for the entry of a preliminary injunction or a temporary restraining order in his Amended Complaint, such request is due to be denied. If Plaintiff elects to file a motion requesting such relief, he should review and comply with all requirements of the Rules and the Local Rules of this Court.[1] In light of the foregoing, it is

**ORDERED:**

To the extent Plaintiff requests the entry of a preliminary injunction or temporary restraining order in his Amended Complaint (Doc. 3), this request is **DENIED without prejudice** to Plaintiff filing an appropriate motion.

**DONE AND ORDERED** in Jacksonville, Florida, this 28th day of June, 2017.

MARCIA MORALES HOWARD
United States District Judge

---

[1] The Court notes that, according to the Amended Complaint, the individuals allegedly threatening Plaintiff's life are employees of a shelter where Plaintiff was previously residing. See Amended Complaint at 1, 9, Ex. 1 at 1. Plaintiff alleges that he is now incarcerated in the Nassau County Jail, id. at 6, such that, even accepting his allegations as true, he appears to be out of imminent danger. Nonetheless, if Plaintiff intends to file a motion seeking injunctive relief, specifically, his release from state custody, he is cautioned that, absent extraordinary circumstances, this court must refrain from interfering with a pending state criminal proceeding. See Rodgers/Rogers v. Rutherford, No. 3:05CV854 J 20MCR, 2005 WL 2233207, at *1 (M.D. Fla. Sept. 13, 2005) (citing Younger v. Harris, 401 U.S. 37, 43-44 (1971)). Moreover, to the extent he contends his release from state custody is warranted due to the allegedly unconstitutional conditions of his confinement, see Amended Complaint at 10, such relief is likely unavailable. See Gomez v. United States, 899 F.2d 1124, 1126 (11th Cir. 1990) ("[T]his Court has held that even if a prisoner proves an allegation of mistreatment in prison that amounts to cruel and unusual punishment, he is not entitled to release."); see also Richey v. Lee, No. 5:08cv225/RS/EMT, 2008 WL 4371334, at *4 (N.D. Fla. Sept. 22, 2008) ("Plaintiff cannot obtain release from Jail through a § 1983 action.").

lc11
Copies to:

Counsel of Record
Pro Se Parties